### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERVIN J. ROBINSON,** | ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL NO. 09-cv-869-MJR |
| **A. W. SHERROD,** | ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner Ervin J. Robinson is certainly persistent. Before the Court is his most recent effort to challenge his 1992 sentence on various charges involving the distribution of cocaine and marijuana. *See United States v. Robinson*, Case No. 92-cr-30020 (S.D. Ill., filed July 22, 1992). This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1]

The lengthy procedural history of this case is set forth succinctly in the most recent order issued by the Seventh Circuit, and this Court sees no need to repeat it. *See United States v. Robinson*, 326 Fed.Appx. 946 (7th Cir., May 6, 2009). Having already been through direct appeals, § 2255 motions, and other motions to amend his sentence, Robinson once again invokes 28 U.S.C.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

§ 2241.[2]  Again, he has hit another dead end.

In this case, Robinson argues that a prior drug conviction should not have been used to calculate his criminal history, *and* his recidivism, *and* as part of his CCE offense.  This is essentially the same argument he raised when appealing his 2001 resentencing, an argument soundly rejected by the Seventh Circuit.  *See United States v. Robinson*, 68 Fed.Appx. 724 (7th Cir. 2003).  That ruling of the Seventh Circuit is binding in this action unless and until the Seventh Circuit changes its mind, or if the Supreme Court overrules it.

Furthermore, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus.  A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").  Clearly this action is an effort to challenge the validity of his sentence, which is, in substance, a collateral attack on a conviction that must be pursued under 28 U.S.C. § 2255.  *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005).

In this case, where it is clear that Robinson has already filed one collateral attack on his conviction, the Court is required to construe the instant motion as a second or successive collateral attack.  *Lloyd*, 398 F.3d at 980.  Because Robinson has not shown that he has been granted leave to file such a successive collateral attack, the Court has no choice but to dismiss this action; this Court

---

[2]  *See also Robinson v. Veltri*, Case No. 05-cv-080-JLF (S.D. Ill., filed Feb. 4, 2005).

has no jurisdiction to consider the claims presented.  *See* 28 U.S.C. § 2255, ¶ 8; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

In summary, this habeas action does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 29th day of April, 2010.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**
